### ELBERT STOTHOFF v. DUNHAM'S EXECUTORS.

In case. On a case certified from the Circuit Court of Somerset. Submitted on briefs.

1. If several persons, as sureties, become *jointly* bound with their principal, in a bond or other obligation, and one of them pays the money, he may by force of our statute, maintain an action against the personal representatives of a deceased co-security, for an aliquot part of the money so paid.

2. Such recovery may be had on a count for money paid for the testator or intestate in his life time, if such was the fact: or if the money has been paid since the death of the co-security, then on a count for money paid for the use of the defendants, *as executors or administrators.*

3. If a bill of particulars be such as fully and substantially to apprise the opposite party of the matter intended to be given in evidence, it will be sufficient, although it is not as minute and specific, as it might have been, unless it shall appear by affidavit, or otherwise to the satisfaction of the court, that the party has been misled or surprised by the particular, or is in great danger of being prejudiced for want of a better particular.

4. Where a record of a prior judgment is competent evidence in a cause, ir-

regularity or error in that judgment, cannot be objected, or enquired into, on the trial.

5. If one or more of several *joint* co-securities in a bond, become insolvent, the surety who has paid the money can only recover against a solvent surety his aliquot part in reference to the whole number of sureties.

6. It seems that the surety paying the debt and *costs* can only recover an aliquot part of the costs accrued up to the return of the writ. Sed quere? If several co-securities are sued in one action and judgment against all?

*W. H. Lupp*, for defendants.

*C. L. Hardenbergh*, contra.

This case came before this court for its advisory opinion, upon a certificate from the Circuit Court of Somerset county. The plaintiff with the testator of the defendants and two others, were co-securities for one Nevius, and as such, had executed with him a single bill to G. Wood, for four hundred dollars. Upon that bill, an action had been brought which proceeded to judgment and execution against them all. After a levy upon the property of the plaintiff in this action, he paid the whole debt, interest and costs, and then brought this suit against the defendants as executors of James Dunham, one of his co-securities, to recover such proportion of the debt as Dunham ought to have paid. The declaration contained only the common counts.

HORNBLOWER, C. J. The first objection raised by defendant's counsel is, that no action will lie against the personal representatives of a deceased joint obligor, by a surviving co-obligor, for contribution. That the statute, *Elm. Dig.* 355, *sec.* 4, making a joint bond, several in its effects, only adopts an equitable principle in favor of the obligee. For this the counsel cited *Primrose* v. *Bromley*, 1 *Atk.* 89, and 3 *Russell's Ch. Cas.* 424 & 539. But these cases do not sustain his position. What was said by the Chancellor in 1 *Atk.* 89, amounts only to a recognition of the doctrine in equity, that joint contracts will be extended so as to compel the representatives of a deceased joint obligor to pay *pari passu* with the survivor, in certain cases; as where the contract was intended to have been joint and several, or where there was an original several liability for the debt in law or equity. See 2 *Williams on Ex's.* 1070 &c. and cases there

cited. Nor is the case of *Rawstone* v. *Parr* in 3 *Russell* 539, any more in point. It only shows that a court of equity will not charge the executors of a deceased promissor, in favor of the creditor, where the note was joint, and the testator had signed it only as security for the surviving makers.

This however, is not an action on the single bill. If that was joint, and not several, then, if it had not been for our statute, the death of Dunham before judgment, would have discharged his estate at law. *Osborne* v. *Osborne*, 1 *Sid.* 238; *Towers* v. *Moore*, 2 *Vern.* 99; *Lampton* v. *Collingwood*, 4 *Mod.* 315; 2 *Saund.* 51, *n.* 4; *Williams on Exs.* 1070. The question then arises, whether our statute has so far altered the common law, and so entirely changed every joint contract into a joint and several one, that one of several sureties in a joint bond, who has paid the debt, can sue the representatives of a deceased joint surety for contribution?

The language of the statute is as follows: "The representatives of one jointly bound with another for the payment of a debt, and dying in the lifetime of the latter, may be charged *by virtue of such obligation* in the same manner, as such representative might have been charged, if the obligors had been bound severally, as well as jointly."

It is manifest upon the reading of this statute, that the legisture have gone much farther than the courts of equity have done. They have only treated the instrument as several, where by mistake or fraud, it was made *only* joint: or where the party was under some legal or equitable obligation to pay the original debt, or consideration of the bond: and the case cited from 3 *Russell Ch. Cas.* 427, shows that that court would not hold the executors of a joint promissor liable, who had signed the note only as security. But by force of our statute, a joint obligor is bound just in the same manner he would be, if the bond was joint and several. In other words, the statute, so far as respects the liability of representatives, has abolished the distinction between joint, and joint and several obligations; and consequently the representatives of a deceased obligor, who was one of the sureties, are liable to contribution, to a surviving security who has paid the debt.

II. In the next place it is objected that the plaintiff ought to

have declared specially, and that he cannot recover in this case, upon common money counts.

This objection is founded upon a false assumption, namely: that this suit is brought on a contract to pay the debt of a third person. This is not so. It is an action to recover a debt equitably due from the estate of the testator, to the plaintiff. The moment the plaintiff paid the money, it was money paid for the use of the defendants, as executors, to the extent of the testator's share of that debt. The action is therefore founded upon an implied assumpsit, and not upon a special contract. Per Kent, Chancellor, in *Peck* v. *Ellis*, 2 *Johns. C. R.* 136; *Merryweather* v. *Nixon*, 8 *T. R.* 186; *Deering* v. *Winchelsea*, 2 *Bos and Pul.* 270, 273; *Cowell, Adm.* v. *Edwards*, 2 *Bos. and Pul.* 268, and see cases collected in 7 *Petersd. Abr.* 688, *Tit. Money paid.* The plaintiff therefore may recover upon the common counts for money paid.

III. It is said, thirdly, that there is no common count in this declaration, upon which the plaintiff can recover.

There are certainly more counts than are necessary, and several on which the plaintiff cannot recover. The first count is for money paid for the testator, in his lifetime: but this is unsupported by the evidence: the testator having died before the money was paid. The second count, however, is for money paid by the plaintiff for the use of the defendants, as executors, and is fully sustained by this court as a good and sufficient count, in *Reeve* v. *Exec. of Cawley*, 2 *Harr. R.* 415; and see 2 *Williams on Exs.* 1192; *Id.* 1088; *Ashby* v. *Ashby*, 7 *Barn. and Cress.* 448–9, 451–2. The other counts, are certainly inappropriate and useless.

IV. Again, it was objected on the trial, that the *particular* which had been furnished to defendants by the plaintiff's attorney, was too general and indefinite. There was nothing in this objection. If a bill of particulars be such as fully and substantially to apprise the opposite party of the matter *intended* to be given in evidence, it will be sufficient, although it is not as minute and specific as it might have been, unless it shall appear by affidavit or otherwise, to the satisfaction of the court, that the party has been misled or surprised by the particular, or is in great danger of being prejudiced for want of a better particular.

In this case, the particular was not as specific as it might have been ; but it fully apprised the defendants of the foundation and object of the suit. No surprise was pretended by them, and the objection was properly overruled by the court.

V. The record of judgment in the action brought by G. Wood, on the original bill, against the several obligors, was objected to as unlawful evidence, upon the ground that the judgment was against all the obligors, notwithstanding it appeared in evidence, that the defendants' testator had died before judgment was entered. This objection too, was properly overruled on the trial. The judgment may have been irregular or erroneous ; but could not be questioned in this collateral way. It was a record, and was competent evidence to show that *Wood* had demanded payment in a legal and compulsory manner. That was the only purpose for which it was offered ; and it was very properly admitted.

VI. The next exception is to the charge of the court, so far as it instructed or left the jury at liberty to find for the plaintiff one third part of the money paid, with interest, in case they were of opinion, that Kinnan, one of the four sureties was insolvent at the time of his death. In this particular the court undoubtedly fell into an error. Whatever may be the rule in equity, at law, a surety who has paid the debt, can only recover from the solvent sureties an *aliquot* part, having regard to the whole number of sureties. *Cowell* v. *Cowell,* 2 *Bos. and Pul.* 268 ; *Theobald on Principal and Surety,* 1 *Law. Lib.* 158, *top page; Deering* v. *Winchelsea,* 2 *Bos. and Pul.* 270. But the answer to this exception, is that the jury, either because they thought the judge was wrong on that point, or because they were not satisfied that *Kinnan* died insolvent, found for the plaintiff only one-fourth of the money paid by him ; so that the verdict is right in that respect.

As to the costs paid by the plaintiff, the judge charged the jury, that he was only entitled to recover for a portion of such as had accrued at the return of the writ. This was right according to the cases : *Knight* v. *Hughes,* 3 *Car. and Payne,* 467 ; *Theobald on Principal and Surety,* 269, 1 *Law Lib.* 160; and it may be right upon principle, where the plaintiff has been sued alone : but I do not see why, if all the obligors are sued jointly, and the

suit is suffered to proceed to judgment and execution against all, and one pays the whole, he should not be permitted to recover from his co-securities their aliquot parts of the costs, as well as of the debt ; since in that case judgment for the costs, was against all, and it was as much the duty of one as of the other, to pay the debt and prevent an accumulation of costs.

I have now gone over all the exceptions raised by defendant's counsel, and the result is, that the Circuit Court of Somerset, be advised to give judgment for the plaintiff, for the sum found by the jury, with costs.

*Circuit Court advised to give judgment for plaintiff, for amount of verdict, with costs.*